T.C. Summary Opinion 2004-173

UNITED STATES TAX COURT

JAMES EDWARD AND BRENDA DIANNE STARKOVICH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3979-04S.          Filed December 21, 2004.

James Edward and Brenda Dianne Starkovich, pro sese.

<u>Abbey B. Garber</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time that the petition was filed.  Unless otherwise
indicated, all section references are to the Internal Revenue
Code in effect for the year in issue, and all Rule references are
to the Tax Court Rules of Practice and Procedure.  The decision

to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 2001 a deficiency in petitioners' Federal income tax of $15,408 and an accuracy-related penalty of $3,082 under section 6662(a).

The issues for decision are whether petitioners: (1) Received unreported income during 2001; and (2) are liable for the accuracy-related penalty under section 6662(a).

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioners resided in McKinney, Texas, at the time the petition was filed.

During 2001, James Edward Starkovich (petitioner) was a residential and commercial painting contractor, and Brenda Dianne Starkovich was a homemaker. Petitioners timely filed their 2001 Federal income tax return.

Attached to petitioners' return was a Schedule C, Profit or Loss From Business, on which petitioner reported gross receipts of $32,400 and expenses of $23,658 from his painting activities.

Petitioner worked at an apartment complex owned by Golden Leaf, Inc. (Golden Leaf), performing repairs and maintenance, painting apartments, and staining fences in 2001. Golden Leaf paid petitioner by check for his work at the apartments. During

2001, petitioner received and cashed 13 checks from Golden Leaf. The checks totaled $85,097.

During 2001, respondent received a Form W-2, Wage and Tax Statement, from Labor Ready Central III LP reporting that $52 in wages was paid to petitioner. Respondent also received a Form 1099-MISC, Miscellaneous Income, from Metroplex Design Builders reporting that $1,450 in nonemployee compensation had been paid to petitioner during 2001.

Respondent issued a notice of deficiency for 2001 determining that petitioners had unreported income of $52,697 from services rendered, and determining an accuracy-related penalty under section 6662(a) of $3,082.

## Discussion

Generally, the Commissioner's determinations of unreported income in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioners did not present evidence or argument that they satisfied the requirements of section 7491(a), and, therefore, the burden of proof does not shift to respondent.

A.    Unreported Income

Petitioner contends that he was involved in a fraudulent kickback scheme involving Ione Morgan (Ms. Morgan), who works as a live-in manager for Golden Leaf; her husband, Bob Morgan; and his brother, Chester Morgan.  Petitioner alleges that he would receive a check from Golden Leaf in an amount greater than what he was owed for services he performed.  In exchange for receiving the contracting job, petitioner would cash that check and remit the overage to Bob Morgan.  Petitioner says he kept track of these transactions but a fire at his home on August 22, 2001, destroyed the records.

Petitioner claims that at the end of 2001 he tried to terminate his involvement in the scheme, but Ms. Morgan and her husband told him that his family would be endangered by the other individuals involved in the scheme.

In her testimony, Ms. Morgan denied that she was involved in a kickback scheme with petitioner.  She stated that petitioner was paid for services rendered on various projects for Golden Leaf.  When petitioner completed a job, he would submit an invoice to Ms. Morgan.  Ms. Morgan would submit the invoice to Mr. Yeh, president of Golden Leaf, and Mr. Yeh would write a check to petitioner.

Petitioners have not provided evidence sufficient to refute respondent's determination.  The Court finds that petitioners

have failed to meet their burden and sustains respondent's determination with respect to the 2001 unreported income.

B.    Accuracy-Related Penalty

Under section 7491(c), the Commissioner has the burden of production in any court proceeding with respect to the liability of any individual for any penalty or addition to tax.  Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  In order to meet his burden of production, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the accuracy-related penalty.  Id. at 446.  Once the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to persuade a court that the Commissioner's determination is incorrect.  Id. at 447.

Respondent determined that petitioners are liable for the accuracy-related penalty under section 6662(a).  Section 6662(a) imposes a 20-percent penalty on the portion of an understatement attributable to any one of various factors, including negligence or disregard of rules or regulations and a substantial understatement of income tax.  See sec. 6662(b)(1) and (2). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to keep adequate books and records or to substantiate items properly.  See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  A "substantial understatement"

includes an understatement of tax of $5,000 or more. See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

Petitioner failed to keep adequate books and records reflecting his income. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. There is also an understatement of tax greater than $5,000. The Court concludes that respondent has produced sufficient evidence to show that the accuracy-related penalty under section 6662 is appropriate. Nothing in the record indicates petitioners acted with reasonable cause and in good faith. The Court holds that the record supports respondent's determination that petitioners are liable for the accuracy-related penalty.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.